UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**Hon. Hugh B. Scott**

10CR238A

**Order**

JOSE R. CACERES,

Defendant.

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 2).

The instant matter before the Court is the defendant's omnibus motion (Docket No. 12) which seeks the following relief: discovery; disclosure of informant information; production of Brady material; Federal Rules of Evidence 404(b), 608, and 609 disclosure; disclosure of Jencks Act materials; and preservation of notes.

The Government has filed responding papers (Docket No. 13), seeking reciprocal discovery from defendant (id. at 9), and oral argument was held on November 23, 2010 (Docket No. 15), and the Court then reserved decision.

**BACKGROUND**

Defendant is charged with manufacture of marijuana, in violation of 21 U.S.C. §§ 841(a), (b)(1)(D), separate counts for possession of marijuana and cocaine with intent to distribute, in

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), 844(a). He is also charged with using premises in Jamestown, New York, for the purpose of manufacturing and distributing marijuana, in violation of 21 U.S.C. § 856(a)(1). Defendant is also charged with possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1). (Docket No. 1, Indict.)

On March 11, 2010, officers from the Southern Tier Regional Drug Task Force executed a search warrant on the upper apartment of 96 Water Street, Jamestown, New York, defendant's residence. There, the officers recovered marijuana plants, plastic bags containing a substance later determined to be cocaine base, plastic baggies containing marijuana, a .22 caliber derringer with five rounds of ammunition, a grinder and digital scale. (Docket No. 13, Gov't Response at 1-2.)

## DISCUSSION

At issue here is defendant's discovery request for notes, tapes, and transcripts for the search warrant application before the City Court Judge, and identification of confidential informants. Other relief has been furnished to defendant.

I.  Discovery

The defendant first seeks various items of pretrial discovery (Docket No. 12, Def. Atty. Aff. ¶¶ 3-5), in particular seeking production of in camera notes and other supporting documents for the search warrant issued (id. ¶¶ 3, 5). Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or

2

punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

The Government contends that it provided the defense with all discoverable materials and made originals available for inspection (Docket No. 13, Gov't Response at 2-3). The Government opposes producing the in camera notes, tapes, or transcripts of the testimony before the issuing magistrate for the search warrant, but that these may be made available for an in camera examination by the Court (id. at 3). During oral argument, the Government contended that the affidavit in support of the warrant application was sufficient for any suppression motion defendant may make and that the in camera materials now sought are unnecessary.

Assuming that the application affidavit provides sufficient information for defendant to determine whether to move to suppress, his motion to compel the in camera materials is **denied**.

II. Disclosure of Informant Information

Similar to the in camera warrant application materials, defendant next seeks disclosure of the identity of informants utilized by the Government, including their prior criminal records (Docket No. 12, Def. Atty. Affirm. ¶¶ 6-11). This identity information is discoverable if the informants participated in the criminal transaction or is favorable to defendant, even if the informants are not called as witnesses (id. ¶ 8, citing Roviaro v. United States, 353 U.S. 53 (1957); United States v. Jackson, 345 F.3d 59 (2d Cir. 2003); United States v. Gil, 297 F.3d 93 (2d Cir. 2002)), see Roviaro, supra, 353 U.S. at 61-62 & n.12 (noting cases where Government's right to withhold the identity of informant who helped set up commission of crime and was present at its occurrence was denied, citations omitted). The Government declines to disclose informant information beyond what is required under Brady v. Maryland, 373 U.S. 83 (1963), if

any of these informants testify (Docket No. 13, Gov't Response at 4). The Government claims that it does not intend to call the confidential informants as witnesses and defendant has failed to meet his burden of showing the need for disclosure of the informants' identity (id. at 5, 6). The Government denies that there is any Brady material involving these informants (id. at 4).

The Government has a qualified privilege against disclosing information about confidential informants not intended as trial witnesses, Roviaro, supra, 353 U.S. at 59, and such disclosure is less compelling at this pretrial stage, see McCray v. Illinois, 387 U.S. 300, 311, 312 (1967) (id. at 5). Here, while stating that no favorable material would come from these informants, the Government did not discount the informants' participation in the criminal transaction. Making the balance of the public's interest in protecting the flow of information against the individual defendant's right to prepare a defense, see Roviaro, supra 353 U.S. at 62, defendant's motion to compel identification of these informants is **denied** so long as the Government continues with its intention not to call any of them as a witness at trial.

\* \* \* \*

During oral argument, defendant stated that he received the other items of discovery sought in this motion.

III.     Brady

The defendant has requested that the Government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, supra, 373 U.S. 83, and its progeny (Docket No. 12, Def. Atty. Affirm. ¶¶ 12-21). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the

4

issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." <u>United States v. Kiszewski</u>, 877 F.2d 210 (2d Cir. 1989).

The defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment <u>Brady</u> materials which they seek to obtain. The Government acknowledges its obligations under <u>Brady</u> and its continuing duty to disclose such materials but at this time the Government is not in possession of, nor is it aware of the existence of, such materials (Docket No. 13, Gov't Response at 6).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this District (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

IV.    Federal Rule of Evidence Disclosure

    A.    Rule 404(b)

Defendant next seeks notice from the Government of any evidence the Government contends would be admissible under Rule 404(b) (Docket No. 12, Def. Atty. Affirm. ¶ 22). The Government indicates that it intends to use in its case-in-chief defendant's prior criminal convictions of December 1998 (Docket No. 13, Gov't Response at 7). This response **is sufficient**.

    B.    Rules 608 and 609

Defendant wants pretrial disclosure of evidence the Government intends to use as impeachment against his credibility if defendant testifies, in particular the use of his prior convictions as impeachment (Docket No. 12, Def. Atty. Affirm. ¶¶ 26-29). The Government also intends to use defendant's 1998 convictions for purposes of Rules 608 and 609, as well as use defendant's November 1986 conviction to prove elements of 18 U.S.C. § 922(g)(1), felon in possession of a firearm (Docket No. 13, Gov't Response at 7).

V.      Jencks Act Material

Defendant next moves for disclosure of witnesses' statements pursuant to the Jencks Act, 18 U.S.C. § 3500 (Docket No. 12, Def. Atty. Affirm. ¶¶ 30-34), seeking their production before trial (id. ¶¶ 35-37). The Government agrees to provide Jencks Act materials no later than two weeks before trial or whenever ordered by the District Court (Docket No. 13, Gov't Response at 8). The Government's proposed schedule **suffices**.

VI.     Preservation of Notes

The defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 12, Def. Atty. Affirm. ¶¶ 38-41). The Government has agreed to preserve agents' notes, especially if the agent is to be called as a Government witness, but is not required to preserve notes that have been reduced to typewritten memoranda or reports (Docket No. 13, Gov't Response at 8-9). Defendant's motion is **granted**.

VII.    Government's Reciprocal Discovery Request

Finally, the Government moves for reciprocal discovery (Docket No. 13, Gov't Response at 9), without objection from defendant. Under Rule 16, the Government is entitled to production of documents in defendant's possession that he intends to use in his case-in-chief.

Defendant is reminded of his obligations under Rule 16 to produce, therefore, the Government's cross-motion is **granted**.

## CONCLUSION

For the reasons stated above, the defendant's omnibus motion seeking discovery and disclosure and like relief (Docket No. 12) is **granted in part, denied in part** as described above. The Government's reciprocal motion for discovery (Docket No. 13, Gov't Response at 9) is **granted**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 23, 2010